**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| GREEN RIVERSIDE, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:17-CV-396-L** |
| § | |
| BLACK JACK OIL COMPANY, INC. § | |
| and KEVIN L. WILSON,[1] § | |
| § | |
| Defendants. § | |

## **MEMORANDUD OPINION AND ORDER**

Before the court are Defendant Black Jack Oil Company, Inc.'s Special Appearance and Motion to Dismiss Pursuant to FRCP 12(b)(2) (Doc. 12), filed May 23, 2017; Defendant Kevin L. Wilson's Special Appearance and Motion to Dismiss Pursuant to FRCP 12(b)(2) (Doc. 13), filed May 23, 2017; and Motion Pursuant to Local Rule 56.7 for Leave for Plaintiff to File Sur Response to Defendants' Reply Brief to Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 23), filed June 30, 2017. Upon reviewing these motions and the record in this action, the court **concludes** that Green Riverside, Inc. ("Plaintiff" or "Green Riverside") fails to establish that this court has subject matter jurisdiction over this action and, accordingly **dismisses without prejudice** this action for lack of subject matter jurisdiction.

**I.  Background**

In its order of February 23, 2017, the court questioned whether it had subject matter jurisdiction over this action and ordered Green Riverside to file an amended complaint by March

---

[1] M.L. Vines was originally a party to this action; however, he was dismissed as a party on October 3, 2017.

**Memorandum Opinion and Order – Page 1**

16, 2017, and set forth the basis for the court's jurisdiction (Doc. 5). Green Riverside complied with the court's order in that it filed Plaintiff's First Amended Complaint[2] ("Amended Complaint") before the court-ordered deadline, but the Amended Complaint fails, for the reasons set forth below, to establish that the court has subject matter jurisdiction over this action.

In the Amended Complaint, Plaintiff asserts that this court has jurisdiction over this action because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Amended Compl. ¶ 2. With respect to the citizenship of the parties and the amount in controversy, Green Riverside asserts the following:

> Plaintiff is a corporation with its principal place of business located in Dallas, Texas. Defendants Kevin L. Wilson and M. L. Vines, Jr. are individuals residing in Franklin County in the State of Mississippi. Defendant Black Jack Oil, Inc. is a corporation doing business in Natchez, Adams County, in the State of Mississippi. The amount of controversy is over one million dollars, exceeding the required threshold amount of $75,000.00, exclusive of interest and accounts. There is complete diversity between the Plaintiff and all Defendants.

Amended Compl. 1-2, ¶ 2; *see also* ¶¶ 3-6. Green Riverside also asserts that "Defendant Black Jack Oil, Inc. ("Black Jack") "is a corporation with its principal place of business in Adams County, State of Mississippi." *Id.* at 2, ¶ 4.

Based on the allegations of the Amended Complaint, there is an adequate basis for the court to determine that the amount in controversy exceeds $75,000. This issue is not in dispute. What is in dispute is whether sufficient allegations have been set forth for the court to determine whether

---

[2] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citation omitted). Plaintiff's Amended Complaint does neither. Although the first paragraph of the Amended Complaint references the "Original Complaint," it is obvious that the reference is typographical error, as the document is titled "Plaintiff's First Amended Complaint," and it was filed as a result of the court's order directing Plaintiff to set out the basis for the court's jurisdiction. Accordingly, the allegations of the Amended Complaint control.

**Memorandum Opinion and Order – Page 2**

complete diversity exists between the parties. Accordingly, the court will confine its analysis to this issue.

## II.     Subject Matter Jurisdiction Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

**Memorandum Opinion and Order – Page 3**

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). In defining or explaining the meaning of the term "principal place of business," the Supreme Court stated:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, [that is], the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

**III. Discussion**

A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). According to the Amended Complaint, Plaintiff's principal place of business is Dallas, Texas; therefore, Plaintiff is a citizen of Texas. The Amended Complaint, however, is silent as to Plaintiff's state of incorporation. The Amended Complaint also states that Black Jack's principal place of business is Adams County, Mississippi, which makes it a citizen of Mississippi; however, once again, the Amended Complaint is silent regarding Black Jack's state of incorporation. This alone is fatal regarding diversity because the states of incorporation are omitted. The Amended Complaint does not "affirmatively and distinctly" allege where these two companies are incorporated, and the court is, therefore, unable to ascertain whether complete diversity exists.

Moreover, the allegations of the Amended Complaint regarding the citizenships of Defendants Kevin L. Wilson ("Wilson") and M.L. Vines, Jr. ("Vines") are also defective. As to Wilson and Vines, Plaintiff only alleges that they are "residents" of Franklin County, Mississippi. As the court noted earlier, "residence" and "citizenship" are not synonymous for diversity purposes. A person may be a resident of state without being a citizen of that state. For example, many retired individuals who are citizens of northern states of the United States will travel and

sojourn a few months in the southern states where the climate is milder in the winter and return to their state of citizenship in the spring. These persons are residing in a different state, but they remain citizens of the northern states from which they traveled because there is no intent to remain in the traveled-to state indefinitely or permanently. It is not uncommon for a citizen to reside for a period in a state in which he or she is not a citizen for various reasons or purposes, only to return to the state of citizenship after the reasons or purposes for residing in the state have been fulfilled. For these reasons, mere allegations of Wilson and Vines's residency are insufficient to establish their citizenship.

In light of the insufficient allegations made by Plaintiff with respect to the citizenships of the parties to this litigation, the court is unable to ascertain the citizenship of all parties. Therefore, Plaintiff has failed to carry its burden and set forth allegations that "distinctly and affirmatively" state the citizenship of all parties to this action, and the court, therefore, is unable to ascertain whether complete diversity of citizenship exists between the parties. As Plaintiff failed to carry its burden and show that complete diversity exists between the parties, the court lacks subject matter jurisdiction over this action.

## IV. Conclusion

For the reasons herein set forth, Green Riverside has not shown that complete diversity of citizenship exists between the parties. Accordingly, the court **lacks** subject matter jurisdiction to hear this action and **dismisses without prejudice** this action for lack of subject matter jurisdiction. Further, the lack of subject matter jurisdiction **moots** the following motions: Defendant Black Jack Oil Company, Inc.'s Special Appearance and Motion to Dismiss Pursuant to FRCP 12(b)(2) (Doc. 12); Defendant Kevin L. Wilson's Special Appearance and Motion to Dismiss Pursuant to FRCP 12(b)(2) (Doc. 13); and Motion Pursuant to Local Rule 56.7 for Leave for Plaintiff to File Sur

Response to Defendants' Reply Brief to Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 23).

**It is so ordered** this 14th day of March, 2018.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge